(160 App. Div. 222)

### LYON v. CITY OF BINGHAMTON et al.

(Supreme Court, Appellate Division, Third Department. January 21, 1914.)

1. MUNICIPAL CORPORATIONS (§ 919*)—PUBLIC IMPROVEMENTS—ORDINANCES.

　　Since, as Charter of City of Binghamton, § 406, a special law, authorizing the common council to declare that the necessity exists for the expenditure of a greater amount of money for some extraordinary purpose than shall have been raised in the ordinary tax budget, and then submit the proposition to a vote, etc., does not conflict with General Municipal Law (Consol. Laws, c. 24) § 6, a general law applying to all municipalities unless obstructed by some special law, providing that no funded debt shall be contracted by a municipality except for a specific object, expressly stated in the ordinance, etc., and that such ordinance shall provide for

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

raising annually, by tax, a sum sufficient to pay the principal and interest, the general law is applicable to the city of Binghamton, an ordinance of the city, providing for the issuance of bonds for the erection of a municipal lighting plant, which failed to provide for a tax for the payment of principal and interest, was, under the general law, void, since it was an attempt to create a funded debt.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1926–1929; Dec. Dig. § 919.*]

**2. MUNICIPAL CORPORATIONS (§ 919*)—PUBLIC IMPROVEMENTS—ORDINANCES.**

A subsequent ordinance ordering the bond issue provided for the tax did not cure the omission, since the purpose of the law was to fully apprise the taxpayers before election of the nature of the question to be voted on, and the only effect of the latter ordinance after election was to emphasize the deception.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1926–1929; Dec. Dig. § 919.*]

Appeal from Special Term, Broome County.

Action by Walter S. Lyon against the City of Binghamton and others. From a temporary order restraining the issuance of bonds for the erection of a lighting plant, defendants appeal. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Cortland A. Wilber, of Binghamton (O. U. Kellogg, of Cortland, of counsel), for appellants.

Mangan & Mangan, of Binghamton (George B. Curtiss, of Binghamton, of counsel), for respondent.

HOWARD, J. [1] Section 6 of the General Municipal Law (Consol. Laws, c. 24) provides:

"A funded debt shall not be contracted by a municipal corporation, except for a specific object, expressly stated in the ordinance or resolution proposing it; nor unless such ordinance or resolution shall be passed by a two-third vote of all the members elected to the board or council adopting it, or submitted to, and approved by the electors of the town or county, or taxpayers of the village or city when required by law. Such ordinance or resolution shall provide for raising annually, by tax, a sum sufficient to pay the interest and the principal, as the same shall become due."

This law is general; it applies to all municipalities. It is a provision of great consequence. It acts as a check upon improvidence, a bridle upon extravagance. It must be observed, unless some special law conflicts with it and overrides it, or supplants it.

The common council of the city of Binghamton wished to provide for installing and equipping a municipal electric light plant. The common council passed an appropriate ordinance proposing to issue bonds for that purpose. This was an attempt to create a funded debt. People ex rel. Peene v. Carpenter, 31 App. Div. 603, 52 N. Y. Supp. 781. But the common council omitted from the resolution the last sentence of section 6 of the Municipal Law. This omission was fatal to the resolution if section 6 is applicable to the city of Binghamton. The charter of the city of Binghamton is a special law, and was passed subsequently to section 6, for this section of the General Municipal Law

is only a re-enactment of chapter 685, Laws 1892. Therefore, if the charter is in conflict with section 6, the charter must prevail. But the two laws do not conflict. This creation of a municipal electric light plant is an extraordinary and special project. Section 406 of the charter authorizes the common council to  " *   *   *  declare that the necessity exists or the public interests demand the expenditure of a greater amount of money for some extraordinary or special purpose than said council shall have raised or deems expedient to raise in the ordinary tax budget   *   *   * " and then submit the proposition to a vote of the taxpayers. It was under this section that the common council undertook to act. Section 406 of the charter seems to be incomplete in failing to make the bonds a lien upon the taxable property of the city, and in failing to give the common council—

"power to add the necessary amount to the annual tax budget to pay the principal and interest coming due in any year."

It will be noticed that sections 204, 205, and 208, dealing with the ordinary matters of city improvements, are not thus incomplete, but contain a provision similar to the last sentence of section 6 of the General Municipal Law. Why this provision was omitted from section 406 does not appear, but whatever the reason may be, it was omitted, and section 6 supplies the defect. Section 6, as has been observed, is a general statute. It applies to all municipalities unless obstructed by some other statute. In this case there is no such obstruction; not only this, but an omission exists in the charter which creates a niche into which the last sentence of section 6 exactly fits. It thus appears that the charter and section 6 not only do not conflict, but that section 6 supplements the charter. They work in perfect harmony. They make a complete scheme.

The common council in the nascent stages of this attempted bond issue, having utterly ignored this important requirement of the statute, this watchdog of the taxpayers, it follows that the bonds which they have assumed to create are wholly invalid and void.

[2] It is well to note that the omission of the last sentence of section 6 from the original ordinance, and hence from the notice to the taxpayers, was not a mere technicality, but a substantial defect in the proceedings. The purpose of section 407 in requiring the publication of the ordinance together with the notice of election is to apprise the taxpayers fully of the nature of the question which they are about to vote upon. By the ordinance which was presented to them for inspection and consideration the taxpayers were not informed that the burden of paying the interest on this large debt and of paying the debt itself ultimately, as it came due, was being imposed upon them. They might have been led by electioneers and interested parties to believe that they would never be asked to pay either the interest or the debt. The absence of this provision from the ordinance lent great plausibility to such an argument. And therefore the taxpayers were deceived and led into giving formal assent to an innocent looking proposition, whereas in fact they were voting a burden upon their pocketbooks and an incumbrance upon their homes. The insertion of the provision in the

subsequent ordinance which ordered the bond issue did not cure the defect; it emphasized the deception.

The order should be affirmed with costs. All concur except LYON, J., not voting.